**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RITA L. LEON,<br><br>        Plaintiff,<br><br>    vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>_____/ | No. 2:11-CV-0581-CMK<br><br><br>MEMORANDUM OPINION AND ORDER |

   Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on December 18, 2007. In the application, plaintiff claims that disability began on January 1, 1998. Plaintiff claims that disability is caused by a combination of mental impairments. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on July 7, 2009, before Administrative Law Judge ("ALJ") Daniel G. Heely. In a November 23, 2009, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairments: depression and anxiety;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the residual functional capacity to perform a full range of work at all exertional levels with the following non-exertional limitations: she can perform work involving simple routine tasks with occasional public contact, simple reading and writing requirements, and no complex, technical, or scientific concepts; and

4. Consideration the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on November 9, 2010, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must

be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In her motion for summary judgment, plaintiff argues: (1) the ALJ failed to state specific and legitimate reasons for not crediting the opinion of plaintiff's treating physician, Dr. Smith; and (2) the ALJ failed to state sufficient reasons for accepting the opinions of one-time examining physicians, Drs. Wakefield and Richwerger. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

///

///

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

**A.  Dr. Smith**

As to Dr. Smith, the ALJ stated:

> Partial weight is given to the opinion of Dr. Pam Smith, one of the claimant's treating psychiatrists at San Joaquin Mental Health Services to the extent that it is consistent with the record as a whole (Exhibit 11F). Dr. Smith opined that the claimant had several limitations in her ability to perform basic work activities (Exhibit 11F/2-3). However, Dr. Smith also noted that the claimant had fair ability to understand, remember, and carry out simple job instructions (Exhibit 11F/3). The undersigned notes that

>    the claimant last saw Dr. Smith on June 17, 2008, the date of the above-stated opinion, and did not return for treatment at San Joaquin Mental Health Services until April 23, 2009, during which she was treated by another psychiatrist (Exhibit 13F/2). This renders Dr. Smith's opinion regarding the claimant's limitations less persuasive.

Plaintiff argues that the ALJ's stated reasons for giving only partial weight to Dr. Smith's opinion are inadequate.

The court does not agree. In finding that Dr. Smith's opinion is "less persuasive," the ALJ noted a 10-month period during which plaintiff sought no mental health treatment. The ALJ observed:

>    . . . [T]he claimant did not see a therapist between June 17, 2008, and April 23, 2009, and reported that she was "doing fine" while she was on medication (Exhibit 13F/1-4). In fact, one of the claimant's treating psychiatrists, Dr. Pam Smith, stated that the claimant's symptoms can be controlled with medications (Exhibit 11F/1).

In making these observations, the ALJ recognized that plaintiff did not seek treatment for an extended period of time and that, while on medication, plaintiff reported that she was "doing fine." Because the failure to seek treatment is a legitimate reason to discredit a doctor's opinion, see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005), the court cannot fault the ALJ's analysis.

### B.    Drs. Wakefield and Richwerger

As to Drs. Wakefield and Richwerger, the ALJ stated:

>    The claimant's allegations of a learning disability are also unsupported by the record. In fact, based on the results of mental status evaluations and various tests for learning abilities. . ., consultative examiners James Wakefield and David Richwerger both opined that the claimant was malingering (Exhibits 1F, 4F). On the numerous tests, the claimant's results consistently presented as below the "chance level" which indicated "active avoidance of correct answers," meaning that she was purposely picking the incorrect answer (Exhibits 1F/5, f$/3-4). Moreover, her verbal skills were noted to be adequate and stronger than shown on the tests (Exhibit 4F/2).
>
>                     * * *

/ / /

>As for the opinion evidence, substantial weight is given to the opinions of the consultative examiners David Richwerger and James Wakefield because they are supported by results of comprehensive tests and are consistent with the record as a whole (Exhibits 1F, 4F). Based on a series of different tests, both consultative examiners opined that the claimant was malingering in relation to her cognitive abilities. While the claimant's malingering made several aspects of her ability to work unclear, Dr. Wakefield opined that the claimant's responses to the tests indicate that she was able to follow simple work rules (Exhibit 4F/5).

Plaintiff argues that the opinions offered by Drs. Wakefield and Richwerger do not constitute substantial evidence because neither doctor reviewed plaintiff's medical records. The court does not agree. Given that both Drs. Wakefield and Richwerger performed mental status examinations, which included specific testing for malingering, the court finds that their opinions constitute substantial evidence notwithstanding the lack of record review. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

### IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 10, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE